1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| | Case No. 1:16-cv-00184 LJO MJS (HC) |
| **ENRIQUE MADRIGAL LOPEZ,** | **FINDINGS AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS** |
| Petitioner, | |
| **v.** | |
| | **[Doc. 10]** |
| **SCOTT FRAUENHEIM, Warden,** | |
| Respondent. | |

11
12
13
14
15
16
17
18

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas

19
20

corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by

Charity S. Whitney, of the Office of the Attorney General for the State of California.

21

**I.    Background**

22
23

    Petitioner is currently in the custody of the California Department of Corrections

pursuant to a judgment of the Superior Court of California, County of Stanislaus, upon

24
25

being convicted by a jury on April 19, 2011 of first degree murder, felon in possession of

a firearm, and various sentencing enhancements. (See Lodged Doc. 1.) On May 16,

26
27

2011, Petitioner was sentenced to an indeterminate state prison term of fifty (50) years

to life and a consecutive determinate two year term. (Id.)

28

1

On October 11, 2013, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (Lodged Doc. 2.) Review was denied by the California Supreme Court on January 15, 2014. (Lodged Docs. 3-4.)

Petitioner proceeded to file six petitions for writ of habeas corpus in the California state courts as follows:

1.  California Court of Appeal, Fifth Appellate District
    Filed: June 5, 2012[1];
    Granted as a belated appeal: August 9, 2012;

2.  California Court of Appeal, Fifth Appellate District
    Filed: September 28, 2012[2];
    Denied: November 1, 2012;

3.  Stanislaus County Superior Court
    Filed: March 20, 2014[3];
    Denied: April 15, 2014;

4.  California Court of Appeal, Fifth Appellate District
    Filed: April 14, 2014[4];
    Denied: May 1, 2014;

5.  California Court of Appeal, Fifth Appellate District
    Filed: May 8, 2014[5];
    Denied: May 22, 2014;

6.  California Supreme Court
    Filed: July 14, 2014[6];

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Petitioner was represented by counsel at the time of filing this petition, and is not entitled to the benefit of the mailbox rule.

[2] Petitioner was represented by counsel at the time of filing this petition, and is not entitled to the benefit of the mailbox rule.

[3] Although the petition was filed on April 10, 2014, pursuant to the mailbox rule the Court considers the petition filed on March 20, 2014, the date Petitioner signed the petition.

[4] Although the petition was filed on April 14, 2014, pursuant to the mailbox rule the Court considers the petition filed on April 21, 2014, the date Petitioner signed the petition.

[5] Although the petition was filed on May 12, 2014, pursuant to the mailbox rule the Court considers the petition filed on May 8, 2014, the date Petitioner signed the petition.

[6] Although the petition was filed on July 17, 2014, pursuant to the mailbox rule the Court considers the petition filed on July 14, 2014, the date Petitioner signed the petition.

Denied: September 24, 2014.

(Mot. to Dismiss, Exs. 5-16.)

Petitioner also filed a prior federal petition for writ of habeas corpus challenging the conviction. The petition was filed on January 14, 2015, and was denied without prejudice for failure to exhaust on May 14, 2015. (Lodged Docs. 17-20.)

On February 1, 2016, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court.[7] On April 8, 2016, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d), and for failure to exhaust state remedies. (Mot. to Dismiss, ECF No. 10.) Petitioner filed an opposition on July 22, 2016, and Respondent filed a reply on August 25, 2016. (ECF Nos. 16, 19. The matter stands ready for adjudication.

## II.   Discussion

### A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 &

_____

[7] Although the petition was filed on February 10, 2016, pursuant to the mailbox rule the Court considers the petition filed on February 1, 2016, the date Petitioner signed the petition.

n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on February 1, 2016 and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on January 15, 2014. The state appeal process became final ninety days later, on April 15, 2014, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on April 16, 2014. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner had one year from April 16, 2014, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until February 1, 2016, nine months after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

**C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(1)(b)**

Petitioner contends that several alleged impediments purportedly prevented him from filing a timely federal petition. To warrant delayed accrual based on an "impediment to filing . . . created by State action," a petitioner must show a causal connection between the unlawful state impediment and his or her failure to file a timely petition. Bryant v. Arizona Atty. General, 499 F.3d 1056, 1059-60 (9th Cir. 2007) (citations omitted). A petitioner "must satisfy a far higher bar than that for equitable tolling." Ramirez v. Yates, 571 F.3d 993, 1000 (9th Cir. 2009). A petitioner is entitled to delayed accrual under subsection (d)(1)(B) only if the impediment "altogether prevented him from presenting his claims in any form, to any court." Id. at 1001 (emphasis and citation omitted).

1   Petitioner argues that an alleged lack of access to the law library, Spanish
2   language legal materials, and inmate assistance for Spanish speaking inmates during
3   Petitioner's incarceration constituted a state-created impediment warranting delayed
4   accrual.

5   State prison officials' conduct that interferes with an inmate's ability to prepare
6   and file a habeas petition by denying access to legal materials sometimes may amount
7   to a "state-created impediment" under subsection B. See Shannon v. Newland, 410 F.3d
8   1083, 1087-89 (9th Cir. 2005). However, Petitioner was able to file his state habeas
9   petitions prior to and notwithstanding those alleged impediments. Petitioner's ability to
10  file his state habeas petitions notwithstanding the alleged impediments undermines his
11  argument that a state-created impediment prevented him from filing a federal habeas
12  petition. See Felix v. Baker, 589 Fed. App'x 382, 383 (9th Cir. 2015) (petitioner's ability
13  to file a state habeas petition while the alleged state impediment of a lack of Spanish-
14  language legal materials or translation assistance was in place undermined his argument
15  that the impediment prevented him from filing a timely federal habeas petition); Alvarado
16  v. Beard, 2015 U.S. Dist. LEXIS 70636, 2015 WL 3466273, at *3 (C.D. Cal. Mar. 2,
17  2015), adopted, 2015 U.S. Dist. LEXIS 70627, 2015 WL 3469235 (C.D. Cal. May 29,
18  2015) (same). Petitioner has failed to show any entitlement to delayed accrual under
19  section 2244(d)(1)(B).

20  **D.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

21  28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed
22  application for State post-conviction or other collateral review with respect to the
23  pertinent judgment or claim is pending shall not be counted toward" the one year
24  limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held
25  the statute of limitations is tolled where a petitioner is properly pursuing post-conviction
26  relief, and the period is tolled during the intervals between one state court's disposition of
27  a habeas petition and the filing of a habeas petition at the next level of the state court
28  system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th

1   Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations

2   under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was

3   timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

4   U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or

5   determined by the federal courts to have been untimely in state court will not satisfy the

6   requirements for statutory tolling. Id.

7       According to the state court records provided by Respondent, Petitioner's first

8   through third petitions for writ of habeas corpus were filed and denied by the state courts

9   on or before April 15, 2014. The petitions were therefore filed and denied prior to the

10  commencement of the limitations period. A collateral action filed prior to the effective

11  date of the statute of limitations has no tolling consequence. Waldrip v. Hall, 548 F.3d

12  729, 735 (9th Cir. 2008) (Although the filing of a state habeas petition "would otherwise

13  have tolled the running of the federal limitations period, since it was denied before that

14  period had started to run, it had no effect on the timeliness of the ultimate federal filing.").

15  Petitioner is not entitled to tolling for his first through third state petitions.

16      Respondent acknowledges that Petitioner is entitled to tolling during the

17  pendency of Petitioner's fourth through sixth state court petitions. Petitioner's fourth

18  petition was filed on April 14, 2014 – one day prior to the commencement of the

19  limitations period. While Petitioner is not entitled to tolling for the one day prior to the

20  limitations period, he is entitled to tolling from April 15, 2014, until the denial of his sixth

21  state petition on September 24, 2014.

22      Petitioner had the entire year limitations period remaining as of September 24,

23  2015. The limitations period therefore expired one year later on September 24, 2015,

24  and the present petition was not filed until February 1, 2016, over four months later.

25      While Petitioner filed a prior federal petition for writ of habeas corpus, federal

26  petitions do not qualify for tolling under 28 U.S.C. § 2244(d)(2). See Duncan v. Walker,

27  533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001); King v. Ryan, 564 F.3d

28  1133, 1141 (9th Cir. 2009). Accordingly, the limitations period commenced on April 15,

1   2014, and expired on September 24, 2015. Petitioner filed the instant petition over four

2   months later on February 1, 2016. Accordingly, the petition is untimely.

3           **E.      Equitable Tolling**

4           The limitations period is subject to equitable tolling if the petitioner demonstrates:

5   "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

6   circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010);

7   quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would

8   give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th

9   Cir. 1993). In his opposition, Petitioner presents three separate arguments why he is

10  entitled to equitable tolling of the limitations period: (1) his inability to write or speak

11  English, (2) ignorance in the law, and (3) actual innocence.

12          **1.      Limited Knowledge of the English Language**

13          Petitioner contends he should be granted equitable tolling because he was not

14  provided adequate legal assistance for a non-English speaker. (Opp'n, ECF No. 16 at 2-

15  4.) In Mendoza v. Carey, 449 F.3d 1065, 1069-71 (9th Cir. 2006), the Ninth Circuit held

16  that a non-English speaking petitioner may be entitled to equitable tolling if he can

17  demonstrate that he was unable, despite diligent efforts, to procure legal materials in his

18  language or to obtain translation assistance. However, in Pace v. DiGuglielmo, the

19  Supreme Court made clear the requirement that equitable tolling is only available if the

20  petitioner demonstrates that he acted diligently. 544 U.S. at 418. In order to show

21  diligence, he must provide details of any specific actions he took toward the filing of the

22  petition. Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006). Additionally, he "bears a

23  strong burden to show specific facts to support his claim of extraordinary circumstances

24  and due diligence." Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008). In this case,

25  Petitioner fails to demonstrate that he acted diligently. His only assertion is a statement

26  that he does not speak English and that the law library lacked sufficient Spanish

27  language material and Spanish speaking clerks. Petitioner fails to state with specificity

28  any actions he took to mitigate his language deficiency. He fails to provide a record of

1   requests for Spanish language materials from the library, and the denial of any such
2   requests. The only request that he does provide is from April 25, 2016, after the instant
3   motion to dismiss was filed in this action. (Opp'n at 12.) His conclusory claim is
4   insufficient to satisfy his burden of demonstrating he acted diligently. Petitioner is not
5   entitled to equitable tolling on this ground.

6   ## 2.   Ignorance of the Law

7   Petitioner also claims he should be entitled to equitable tolling because he is
8   uneducated and does not have knowledge of the law. This claim for equitable tolling
9   must also fail. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (lack of legal
10  sophistication is not an extraordinary circumstance warranting equitable tolling); Turner
11  v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (inmate's lack of legal training, a poor
12  education, or illiteracy does not give a court reason to toll the limitations period);
13  Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004); Marsh v. Soares, 223 F.3d 1217,
14  1220 (10th Cir. 2000). Petitioner's circumstances and lack of knowledge of the law are
15  no different than the majority of incarcerated prisoners attempting to file petitions for writ
16  of habeas corpus. Accordingly, his ignorance of the law is not an extraordinary
17  circumstance entitling Petitioner to equitable tolling.

18  ## 3.   Actual Innocence

19  Finally, Petitioner asserts that he is entitled to the equitable exception to the
20  limitations period based on his actual innocence.

21  On May 28, 2013, the Supreme Court held that a federal court may entertain an
22  untimely claim if a petitioner makes a showing of actual innocence. McQuiggin v.
23  Perkins, 133 S. Ct. 1924 (2013). To qualify for the equitable exception to the timeliness
24  bar based on actual innocence, a petitioner "'must show that it is more likely than not
25  that no reasonable juror would have convicted him in the light of the new evidence.'" 133
26  S. Ct. at 1935 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "[T]he emphasis on
27  'actual innocence' allows the reviewing tribunal also to consider the probative force of
28  relevant evidence that was either excluded or unavailable at trial." Schlup, 513 U.S. at

327. "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin, 133 S. Ct. 1924, 1936 (quoting Schlup, 513 U.S. at 316.) "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." 133 S. Ct. 1924, 1935, 185 L. Ed. 2d 1019.

Petitioner asserts that he is actually innocent, but presents no evidence in support of the claim. Without further explanation, his claim does not undermine his guilt and is not sufficient to support a finding of actual innocence. Petitioner's claim, if presented to a reasonable juror, would not convince the juror of his innocence. Petitioner's actual innocence claim is without merit and the petition for writ of habeas corpus must be dismissed as untimely.

Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

**F.      Exhaustion**

Respondent, in his motion to dismiss, asserts an alternative ground for dismissal based on failure to exhaust state remedies. (See Mot. to Dismiss at 10.) As the petition is untimely and subject to dismissal, in an exercise of judicial efficiency, the Court will not address Respondent's claims regarding failure to exhaust judicial remedies.

**III.      Conclusion**

As explained above, Petitioner failed to file the instant petition for habeas corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is not entitled to the benefit of statutory tolling, but not equitable tolling. Regardless, the petition remains untimely even with the benefit of statutory tolling. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

**IV.      Recommendation**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be

1    GRANTED.

2         This Findings and Recommendation is submitted to the assigned  United States

3    District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

4    Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

5    District of California. Within thirty (30) days after the date of service of this Findings and

6    Recommendation, any party may file written objections with the Court and serve a copy

7    on all parties.  Such a document should be captioned "Objections to Magistrate Judge's

8    Findings and Recommendation."   Replies to the Objections shall be served and filed

9    within  fourteen  (14)  days  after  service  of  the  Objections.  The  Finding  and

10   Recommendation will then be submitted to the District Court for review of the Magistrate

11   Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  Petitioner is advised that failure to

12   file objections within the specified time may waive the right to appeal the District Court's

13   order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

14

     IT IS SO ORDERED.
15

16        Dated:   August 30, 2016          /s/ Michael J. Seng

17                                       UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28